**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAIXIONG JIN,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 12-74216<br><br>Agency No. A098-475-630<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2014[**]

Before:     FISHER, TALLMAN, and NGUYEN, Circuit Judges.

On January 21, 2015, the court granted the government's unopposed motion

to stay proceedings.  On March 11, 2015, the government informed the court that

Haixiong Jin, a native and citizen of China, is not a candidate for prosecutorial

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretion, and requested that this case move forward. The stay of proceedings is hereby lifted.

Jin petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Even if Jin's asylum claim was timely, substantial evidence supports the agency's adverse credibility determination based on an inconsistency between Jin's testimony and his documentary evidence regarding his level of education, and based on Jin's inability to explain the visas in his Chinese passport. *See id.* at 1048 (adverse credibility determination reasonable under the totality of the circumstances); *see also Goel v. Gonzales*, 490 F.3d 735, 739 (9th Cir. 2007) ("inconsistencies between testimonial and documentary evidence [are] a proper basis for an adverse credibility finding"). We reject Jin's contention that the IJ engaged in speculation, and his contention that the IJ did not consider his

explanations.  Further, Jin's explanations do not compel a contrary conclusion.  *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011).  In the absence of credible testimony, Jin's asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Jin's CAT claim fails because it is based on the same testimony the agency found not credible, and Jin does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of a public official in China.  *See id*. at 1156-57.

**PETITION FOR REVIEW DENIED.**